In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00051-CV


______________________________






IN THE INTEREST OF


S.C., A CHILD






 


On Appeal from the County Court at Law


Bowie County, Texas


Trial Court No. 05C1826-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Ladrika N. Collins has filed an appeal from the termination of her parental rights to a child,
S.C. We have now reviewed the clerk's record. Section 263.405(b) of the Texas Family Code
requires an appellant to file, not later than the fifteenth day after a final order is signed, a statement
"of the point or points on which the party intends to appeal." Tex. Fam. Code Ann. § 263.405(b)
(Vernon Supp. 2006). The Legislature added a new subsection, effective for appeals filed after
September 1, 2005, which provides that the "appellate court may not consider any issue that was not
specifically presented to the trial court in a timely filed statement of the points on which the party
intends to appeal . . . ." Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2006). Here, the
judgment was entered March 28, 2007, and the notice of appeal was filed April 4, 2007. The clerk's
record contains no statement of points to be raised on appeal. We have contacted the clerk's office,
and no such statement, either standing alone or with a motion for new trial, exists. The statute does
not terminate our jurisdiction over the appeal. However, in a situation such as this, where no
statement of points exists, under the express terms of the statute, there is no contention of error that
can be raised that we may consider on appeal.


 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: April 26, 2007

Date Decided: April 27, 2007




he crime beyond a reasonable doubt. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In that review, we must evaluate all of the evidence in the
record, both direct and circumstantial, whether admissible or inadmissible. Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 

 In this case, we cannot review the evidence, because there is no reporter's record. Therefore,
we cannot analyze its adequacy to support the verdict. We have also examined the clerk's record and
find no error justifying reversal.

 We affirm the trial court's judgment.



 

 Jack Carter

 Justice


Date Submitted: April 17, 2003

Date Decided: June 26, 2003


Do Not Publish